IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NOEL BRALLEY et al., : | |
| Plaintiffs, : | |
| : | CIVIL ACTION FILE |
| v. : | |
| : | NO. 1:11-mi-00002-WBH-ECS |
| MARK A. CAREY et al., : | |
| Defendants. : | |
| : | |

**BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION FOR CONTEMPT
and
IN OPPOSITION TO VANDENBERG CHASE &
ASSOCIATES, LLC'S MOTION TO QUASH**

COME NOW PLAINTIFFS, pursuant to Rule 45 and 69, and files this their Brief in Support of their Motion Contempt, showing the Court as follows:

<u>Factual background.</u>  Judgment was entered against the Defendants on November 12, 2010 in the U.S. District Court for the District of Virginia. Affidavit of Dale Pittman, ¶ 6, Exhibit A.  The judgment remains unpaid. Affidavit of Dale Pittman, ¶ 9.  On December 14, 2010, Plaintiffs served non-party Vandenberg Chase & Associates, LLC with a subpoena seeking post-judgment discovery of defendants' assets.  Affidavit of Dale Pittman, ¶ 11, Exhibit F.

Before filing its motion to quash [1], a representative of Vandenberg Chase stated to Plaintiffs' counsel that it did have responsive documents (checks). Affidavit of Dale Pittman, ¶ 11, Exhibit F.  Rather than comply with the subpoena, Vandenberg Chase filed a motion to quash. [1]

After communicating and consulting with Vandenberg Chase's counsel in an effort to secure responses without the intervention of the Court, Plaintiffs respond to the motion to quash and bring Plaintiffs' motion for contempt.

<u>Right to conduct and compel post-judgment discovery.</u>  "[T]he judgment creditor . . . may obtain discovery from any person - including the judgment debtor - as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(2).  In the instant case, Plaintiffs' served a post-judgment subpoena to assist in the discovery of defendants' garnishable assets (such as a bank accounts that would be disclosed by examination of the reverse of checks written to the defendants).  "The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed.R.Civ.P. 45(e).

<u>Vandenberg Chase has failed to offer any valid excuse for noncompliance.</u> In is Motion to Quash, Vandenberg Chase states that compliance would be unduly burdensome, and would violate their right to privacy, attorney-client privilege and

work product privilege. However, Vandenberg Chase has made no effort to reasonably comply with the subpoena. While they have been able to identify information reasonably sought in the subpoena, they have refused to supply this information and have not explained how providing the information they have identified would be unduly burdensome.

Plaintiffs are not seeking any information protected by attorney-client or work product privileges.

> The attorney-client privilege only precludes disclosure of communications between attorney and client and does not protect against disclosure of the facts underlying the communication. Upjohn Co. v. United States, 449 U.S. 383, 395, 101 S.Ct. 677, 685, 66 L.Ed.2d 584 (1981). In general, the fact of legal consultation or employment, clients' identities, attorney's fees, and the scope and nature of employment are not deemed privileged. In In re Grand Jury Investigation No. 83-2-35, 723 F.2d 447 (6th Cir.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 3524, 82 L.Ed.2d 831 (1984), [the 6th Cir.] reiterated the principle that the attorney-client privilege should be narrowly construed and held that the attorney-client privilege does not protect the identity of a client except in very limited circumstances. In United States v. Haddad, 527 F.2d 537, 538-39 (6th Cir.1975), cert. denied, 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 797 (1976), [the] court held that the amount of money paid or owed by a client to his attorney is not privileged except in exceptional circumstances not present in the instant case.

Humphreys, Hutcheson & Mosely v. Donovan, 755 F.2d 1211, 1219 (6th Cir. 1985). Plaintiffs are not seeking any work product from the Defendant or from Vandenberg Chase, nor do Plaintiffs seek any communications between the

Vandenberg Chase and its counsel. Accordingly, the documents which Plaintiffs seek are not privileged.

<u>Coercive</u>[1] <u>contempt sanction.</u> After the entry of a court order allowing Vandenberg Chase a reasonable amount of time to comply with the subpoena, Plaintiffs seek the imposition of a daily coercive contempt sanction. These sanctions are within the discretion of the court. Plaintiffs urge the court to allow no more than fourteen days for Vandenberg Chase to comply, and Plaintiffs suggest that the daily coercive contempt sanction be set sufficiently high so that Vandenberg Chase is well motivated to comply. Plaintiffs request that the daily coercive contempt sanction be set at $500.00 per day.

<u>Compensatory</u>[2] <u>contempt sanction.</u> In addition to simply requiring that Vandenberg Chase to response, Plaintiffs request that the Court order payment from Vandenberg Chase (or enter a judgment against Vandenberg Chase) for the reasonable attorney fees incurred by Plaintiffs in enforcing their subpoena. A fees incurred in enforcing the subpoena are set out in the Affidavit of Kris Skaar.

---

[1] Regarding the difference between punitive, coercive and compensatory contempt sanctions, see <u>Chandler v. James</u>, 180 F.3d 1254, 1266-68 (11th Cir. 1999) (Tjoflat, Circuit Judge, specially concurring).

[2] <u>See</u> footnote 1, <u>supra</u>.

Conclusion and prayer.  Accordingly, Plaintiffs respectfully pray that this Court should force compliance with the subpoena by the entry of an order as prayed in Plaintiffs' motion.

Respectfully submitted

    /s/ Kris Skaar
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com

**SKAAR & FEAGLE, LLP** (Marietta)
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax