IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NOEL BRALLEY et al., <br>     Plaintiffs, <br><br> v. <br><br> MARK A. CAREY et al., <br>     Defendants. | : <br> : <br> : CIVIL ACTION FILE <br> : <br> : NO. 1:11-mi-00002-WBH-ECS <br> : <br> : <br> : |

## AFFIDAVIT OF KRIS SKAAR

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Kris Skaar, who after being duly sworn deposes and says:

1. I am over twenty-one (21) years of age, competent to testify to the matters stated herein, and the matters stated in this DECLARATION are based upon my personal knowledge.

2. I voluntarily give this declaration in the above styled case.

## EFFORTS TO RESOLVE DISPUTE

3. I am Georgia counsel for the Plaintiffs.

4. I have communicated with Vandenberg Chase's counsel several times in efforts to resolve this dispute regarding the production of documents.

5. Prior to filing our initial consent order extending time, I spoke by telephone with Vandenberg Chase's counsel Mr. Forbes.

6. The conversation was very pleasant, and Mr. Forbes was agreeable to extend the time for Plaintiff to respond to Vandenberg Chase's motion to quash so that we would have an opportunity to explore a resolution to this discovery dispute.

7. On February 4, 2011, I sent an email with a specific compromise proposal to resolve this discovery dispute.

8. A true and correct copy of the email referenced in the preceding paragraph is attached hereto as Exhibit A.

9. On February 19, 2011, I sent a reminder email asking for a response.

10. A true and correct copy of the email referenced in the preceding paragraph is attached hereto as Exhibit B.

11. At this time, Vandenberg Chase has not responded since agreeing to the last extension.

12. While Vandenberg Chase's counsel has been agreeable to extensions, at no time has there been any substantive communications from Vandenberg Chase about resolving the dispute regarding the production of documents.

13. As of the filing of this motion, Vandenberg Chase has still not responded in any fashion to comply with Plaintiffs' subpoena.

14. By my signature below, I certify that I have made the good faith efforts set out above to resolve this discovery dispute without the court's intervention.

## ATTORNEY FEES REQUESTED

15. I am an attorney at law, licensed to practice in the State of Georgia since my graduation from the University of Georgia School of Law in 1986.

16. Following a two year judicial clerkship, I entered private practice in 1988 and began a litigation practice.

17. My practice is almost exclusively consumer litigation in state and federal courts.

18. The following efforts were expended in preparation of this motion and related documents:

```
Feb 19/2011 Noel Bralley v. Mark Carey - Ga. subpoena enforcement
attempt to reach atty Forbes by telephone; email to attorney
Forbes; prepare initial draft of motion to compel docs
1.30 hours X $345.00 = 448.50

Feb 21/2011 Noel Bralley v. Mark Carey - Ga. subpoena enforcement
prepare motion for contempt (to enforce subpoena) and response to motion
to quash, including research, motion and brief
1.30 hours X $345.00 = 448.50

Feb 22/2011 Noel Bralley v. Mark Carey - Ga. subpoena enforcement
finalize contempt motion, tcw/ atty Dale Pittman re: affidavit in support
of motion; draft own affidavit in support of motion; revise and finalize
motion and brief
1.5 hours X $345.00 = 517.50
```

19. The time entries in the preceding paragraph were imported into this document from my time and billing program.

20. The information kept in my computer time and billing program is kept in the ordinary course of my business.

21. It is my custom and regular practice to record the time expended on cases in my computer time and billing program at the same time that I do the work, or shortly thereafter if I am away from my office.

22. In my opinion, attorney time totaling 4.1 hours as set out above is reasonable and necessary to properly prepare this motion.

23. In my opinion, a reasonable rate for my attorney time in litigation is $345.00 per hour. I have been awarded this rate in prior civil actions. This hourly rate is reasonable and in keeping with the market value of such services performed by attorneys of similar experience and skill. Based upon my knowledge of the market rates for similar legal services, both the hourly rate and the total amount are reasonable.

24. Based upon the time, effort and skill required to prepare this motion, a fee of $1,414.50 is a reasonable attorney fee for the preparation of this motion and related documents.

25. Additional efforts (such as a hearing) may be necessary to prosecute this motion to its completion. Accordingly, I respectfully request that the Court take notice and/or receive additional evidence of such additional legal expenses.

Further, affiant sayeth not.

_____
Kris Skaar

Sworn to and subscribed
before me this 22nd day
of February, 2011.

_____
Notary Public

[Notary Seal: M F ASHLEY SHU... COMM. EXP. NOTARY PUBLIC JULY 30, 2013 COBB COUNTY, GEORGIA]

# EXHIBIT A

**From:** krisskaar@aol.com
**To:** attorneyforbes@msn.com; dale@pittmanlawoffice.com
**Subject:** Bralley v. Carey
**Date:** Fri, Feb 4, 2011 3:17 pm
**Attachments:** second_stip_to_ext_time_M2Q.pdf (40K)

---

Mr. Forbes:

This is to follow-up our ongoing communications regarding this discovery matter. I am attaching another consent order extending time so we will have more time to discuss an amicable resolution. Please respond with your permission to file the attached consent order.

With the goal of resolving the motion to quash and avoiding the necessity of filing a counter-motion to compel, let me make the following suggestion. Although all the requested information is relevant to Mr. Bralley's collection activity, I would advise Mr. Bralley to deem it an adequate response if your client were to provide:

1) the front and back of the last five checks written to Carey or his firm,

2) the front and back of the last five checks received from Carey or his firm, and

3) any contracts between VCA and Carey or his firm over the last five years.

As to the checks, Mr. Bralley would not care if you redacted the amounts and memo lines on the checks, but no banking information should be redacted. This proposal substantially reduces any burden on VCA.

Please respond with your permission to file the extension at your first opportuntiy. I realize that it will take a little while for you get get an answer from your client.

As always, I look forward to working with you to resolve this matter.

Kris Skaar
SKAAR & FEAGLE, LLP

Marietta Office:
P.O. BOX 1478
331 WASHINGTON AVE.
MARIETTA, GA 30061-1478
USA

770 427 5600
404 601 1855 fax

Skaar & Feagle, LLP accepts select consumer rights cases. These cases include, but are not limited to, cases of abusive and unlawful collection activity, debt defense, credit reporting of false or obsolete (old) information, high interest lenders (title pawns, payday loans), debt management plans, and fraud or unfair practices in the sale and financing of automobiles.

LEGAL NOTICES: This message is intended only for the named recipient. If you have received this in error, please notify us immediately by reply e-mail. Any other use, distribution, or copying of this information is prohibited. Nothing shall waive any right to confidentiality, attorney-client privilege or work product privilege. All rights reserved. © 2009 Skaar & Feagle, LLP.

# EXHIBIT B

**From:** krisskaar@aol.com
**To:** attorneyforbes@msn.com
**Cc:** dale@pittmanlawoffice.com
**Subject:** Fwd: Bralley v. Carey
**Date:** Sat, Feb 19, 2011 5:15 pm
**Attachments:** second_stip_to_ext_time_M2Q.pdf (40K)

---

Mr. Forbes:

Thank you for the extension of time to respond to your motion to quash. You were very kind to positively respond to that aspect of my email of February 4, 2011.

I have not heard back from you regarding the resolution of the discovery issue. Please contact me or Dale no later than early on Monday morning.

We look forward to working with you to resolve this matter.
Kris Skaar
SKAAR & FEAGLE, LLP

Marietta Office:
P.O. BOX 1478
331 WASHINGTON AVE.
MARIETTA, GA 30061-1478
USA

770 427 5600
404 601 1855 fax

Skaar & Feagle, LLP accepts select consumer rights cases. These cases include, but are not limited to, cases of abusive and unlawful collection activity, debt defense, credit reporting of false or obsolete (old) information, high interest lenders (title pawns, payday loans), debt management plans, and fraud or unfair practices in the sale and financing of automobiles.

LEGAL NOTICES: This message is intended only for the named recipient. If you have received this in error, please notify us immediately by reply e-mail. Any other use, distribution, or copying of this information is prohibited. Nothing shall waive any right to confidentiality, attorney-client privilege or work product privilege. All rights reserved. © 2009 Skaar & Feagle, LLP.


-----Original Message-----
From: krisskaar@aol.com
To: attorneyforbes@msn.com; dale@pittmanlawoffice.com
Sent: Fri, Feb 4, 2011 3:17 pm
Subject: Bralley v. Carey

Mr. Forbes:

This is to follow-up our ongoing communications regarding this discovery matter. I am attaching another consent order extending time so we will have more time to discuss an amicable resolution. Please respond with your permission to file the attached consent order.

With the goal of resolving the motion to quash and avoiding the necessity of filing a counter-motion to compel, let me make the following suggestion. Although all the requested information is relevant to Mr. Bralley's collection activity, I would advise Mr. Bralley to deem it an adequate response if your client were to provide:

1) the front and back of the last five checks written to Carey or his firm,

2) the front and back of the last five checks received from Carey or his firm, and

3) any contracts between VCA and Carey or his firm over the last five years.

As to the checks, Mr. Bralley would not care if you redacted the amounts and memo lines on the checks, but no banking information should be redacted. This proposal substantially reduces any burden on VCA.

Please respond with your permission to file the extension at your first opportuntiy. I realize that it will take a little while for you get get an answer from your client.

As always, I look forward to working with you to resolve this matter.

Kris Skaar
SKAAR & FEAGLE, LLP

Marietta Office:
P.O. BOX 1478
331 WASHINGTON AVE.
MARIETTA, GA 30061-1478
USA

770 427 5600
404 601 1855 fax

Skaar & Feagle, LLP accepts select consumer rights cases. These cases include, but are not limited to, cases of abusive and unlawful collection activity, debt defense, credit reporting of false or obsolete (old) information, high interest lenders (title pawns, payday loans), debt management plans, and fraud or unfair practices in the sale and financing of automobiles.

LEGAL NOTICES: This message is intended only for the named recipient. If you have received this in error, please notify us immediately by reply e-mail. Any other use, distribution, or copying of this information is prohibited. Nothing shall waive any right to confidentiality, attorney-client privilege or work product privilege. All rights reserved. © 2009 Skaar & Feagle, LLP.