# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### Atlanta Division

NOEL BRALLEY,
CAROLYN BRALLEY,
and
BRAXTON BRALLEY,

          Plaintiffs,

v.

                                    **Case No. 1:11-mi-00002-WBH-ECS**

MARK A. CAREY,
and
THE LAW OFFICES OF MARK A. CAREY, P.C.,

          Defendants.

## DECLARATION OF DALE W. PITTMAN

Dale W. Pittman declares under penalty of perjury that the following statements are true:

1.     I am a member in good standing of the bars of the following courts:

Supreme Court of the United States
Washington, DC
February, 1997

Supreme Court of Virginia
Richmond, Virginia
June 8, 1976

U. S. Court of Appeals for the Fourth Circuit
Richmond, Virginia
September 2, 1980

U. S. District Court for the Western District of Virginia
Roanoke, Virginia

U. S. District Court for the Eastern District of Virginia
Richmond, Virginia
December 30, 1976

U. S. Bankruptcy Court for the Eastern District of Virginia
Richmond, Virginia
November, 1997.

2.　　I am a 1971 graduate of Hampden-Sydney College and a 1976 graduate of the T. C. Williams School of Law of the University of Richmond, Virginia. I am a member in good standing of the Virginia State Bar, the Virginia Trial Lawyers Association, the Virginia Bar Association, the National Association of Consumer Advocates, and the Petersburg Bar Association, of which I am a past President. Until June, 2007, I was a member of the Council of the Virginia State Bar, the State Bar's governing body, serving for the maximum two terms as the elected representative of the Eleventh Judicial Circuit. I am a member of the Board of Governors of the Virginia Trial Lawyers Association, and I chair the VTLA's Consumer Law Section.

3.　　I represent Plaintiffs Noel Bralley, Carolyn Bralley and Braxton Bralley in *Bralley, et al. v. Mark A. Carey and The Law Offices of Mark A. Carey, P.C.*, Case No. 3:10-cv-138, in the Richmond Division of the Eastern District of Virginia, before the Honorable Robert E. Payne.

4.　　On Friday, November 5, 2010, Judge Payne heard evidence in support of Plaintiffs' Motion for Judgment on Settlement and Memorandum in Support of Motion, Docket 12. As shown by the Minute Entry appearing at Docket 16, the Court granted Plaintiffs' Motion.

5.　　On November 12, 2010, the Court issued a Memorandum Opinion (Docket 18) and entered an Order (Docket 19) setting forth the reasons, and incorporating the reasons set forth on the record on November 5, 2010, for granting Plaintiffs' Motion.

6.　　On November 12, 2010, the Clerk entered judgment in favor of the Plaintiffs against the said Defendants, jointly and severally, in the amount of $15,000.00 together with interest thereon at the rate of 0.22 percent (0.22%) per annum from November 12, 2010 until

paid (Docket 20).  Exhibit A attached hereto is the version of the Memorandum Opinion and Order as published on Lexis, *Bralley v. Carey*, 2010 U.S. Dist. Lexis 120164 (ED Va. 2010).

7.      Thereafter, counsel for Mark A. Carey and The Law Offices of Mark A. Carey, P.C. moved to withdraw as counsel (Docket No. 26).

8.      Judge Payne granted the motion to withdraw as counsel on January 18, 2011 (Docket No. 22).  Copies of the motion to withdraw, memorandum in support, and order granting leave to withdraw are attached hereto, marked Exhibits B, C, and D respectively.

9.      The judgment remains unpaid.

10.     Plaintiffs' second motion to compel is pending before Judge Payne (Docket No. 32), Exhibit E attached hereto is a copy of that motion.

11.     On December 14, 2010, Plaintiffs served the subpoena that is attached hereto marked Exhibit F on Bryan Knight, the registered agent for Vandenberg, Chase and Associates, LLC.

12.     On December 16, 2010, I received a telephone call from a Chris Norman.

13.     I understand Chris Norman to be or to have been Executive Vice President at Vandenberg, Chase and Associates, LLC.

14.     I understood Mr. Norman to be a non attorney.

15.     Mr. Norman told me that Vandenberg, Chase and Associates, LLC had received my subpoena.

16.     Mr. Norman told me that Mark A. Carey does not work for Vandenberg, Chase and Associates, LLC.

17.     Mr. Norman told me that Mark A. Carey was not counsel for Vandenberg, Chase and Associates, LLC.

18.     Mr. Norman told me that Mark A. Carey had done some for Vandenberg, Chase and Associates, LLC on some placement issues that Vandenberg, Chase and Associates, LLC had with a collection agency in Buffalo.

19.     Mr. Norman told me that Vandenberg, Chase and Associates, LLC had no contracts or agreements with Mark A. Carey.

20.     Mr. Norman told me that Vandenberg, Chase and Associates, LLC only had checks by which it had paid Mark A. Carey.

21.     The recipient of the subpoena, Vandenberg, Chase and Associates, LLC, has filed the pending Motion to Quash, Docket No. 1 in this court.

Executed in Petersburg, Virginia, this 21st day of February, 2011.

_/s/_____
By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

NOEL BRALLEY, et al., Plaintiffs, v. MARK A. CAREY, et al., Defendants.

Civil Action No. 3:10cv138

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIR-
GINIA, RICHMOND DIVISION

*2010 U.S. Dist. LEXIS 120164*

EXHIBIT A

November 12, 2010, Decided
November 12, 2010, Filed

**COUNSEL:** [*1] For Noel Bralley, Carolyn Bralley, Plaintiffs: Dale Wood Pittman, LEAD ATTORNEY, The Law Office of Dale W. Pittman, P.C., Petersburg, VA.

For Braxton J. Bralley, Plaintiff: Dale Wood Pittman, LEAD ATTORNEY, The Law Office of Dale W. Pittman, P.C., Petersburg, VA; Leonard Anthony Bennett, LEAD ATTORNEY, Consumer Litigation Assoc PC, Newport News, VA.

For Mark A. Carey, The Law Offices of Mark A. Carey, P.C., Defendants: Mark Richard Colombell, Robert Ryland Musick, Thompson McMullan PC, Richmond, VA.

**JUDGES:** Robert E. Payne, Senior United States District Judge.

**OPINION BY:** Robert E. Payne

**OPINION**

**MEMORANDUM OPINION**

This matter is before the Court on the MOTION FOR JUDGMENT ON SETTLEMENT (Docket No. 12), following briefing and an evidentiary hearing. For the reasons set forth below and on the record on November 5, 2010, the motion is granted and the settlement agreement will be enforced.

**FINDINGS OF FACT**

The plaintiffs, Noel Bralley, Carolyn Bralley and Braxton Bralley, filed an action against Mark A. Carey, a lawyer, and the Law Offices of Mark A. Carey, P.C., and other defendants. All other defendants were dismissed some time ago. The Complaint asserted several claims under the Fair Debt Collection Practices Act. Robert [*2] R. Musick, Esquire, of the law firm Thompson McMullan, P.C. represented Mr. Carey individually and his law offices. Dale W. Pittman, Esquire represented the plaintiffs. The parties, through counsel who were

authorized so to do, reached a verbal settlement. It is not disputed that the four terms upon which agreement was had were as follows:

> 1. Payment of $15,000, payable in two payments of $7,500;
>
> 2. Said payments would be made thirty days apart;
>
> 3. Mark A. Carey would personally guaranty payment of the settlement amounts;
>
> 4. A settlement agreement would be worked out by counsel.

That agreement is confirmed by the plaintiffs' motion, by the defendants' memorandum opposing enforcement of the settlement, by the testimony of Mr. Musick, and by the testimony of Mark A. Carey. It also is confirmed by the emails attached to the motion as Exhibit A reflecting the discussions between Messrs. Musick and Pittman pursuant to which settlement was reached.

Mr. Pittman drafted the settlement agreement in the form of a Consent Order which he forwarded to Mr. Musick. The Consent Order contained several terms in addition to the four set forth above, namely: (1) a release of the defendants by the plaintiffs;  [*3] (2) a release of the plaintiffs by the defendants; (3) a provision permitting the automatic reinstatement of the case if the payments were not timely made, and relatedly, the defendants' consent to the summary entry of judgment for the remaining unpaid settlement; and (4) a provision that the plaintiffs were entitled to attorneys' fees, costs and expenses of collection in the event it was necessary to reinstate the matter on the docket. It is undisputed that Messrs. Musick and Pittman did not mention those terms in their verbal agreement. Mr. Carey testified that he objected to all of those four terms except the provision for the release by the plaintiffs of the defendants. [1] Mr. Carey did not contest that Mr. Musick

2010 U.S. Dist. LEXIS 120164, *

was authorized to agree to the four terms to which there was verbal agreement.

> 1   Mr. Carey testified that he opposed giving releases to the plaintiffs because it would forfeit the underlying claim of his clients. Quite clearly, that would not be the case because the release provided in the proposed Consent Order would be given only by the defendants (Mr. Carey and his law firm) and not by their clients. Hence, the Court finds this proffered reason unbelievable. Mr. Carey's  [*4] credibility is further called into question by his admission that he had been disciplined by a bar association in Tennessee for lying to his employer, a district attorney in Tennessee.

The foregoing facts are clearly established and they provide the basic framework within which to decide the motion to enforce the settlement.

## DISCUSSION

A settlement agreement is a contract, and disputes respecting settlement agreements are resolved according to the principles applicable to contracts generally. *Silicon Image, Inc. v. Genesis Microchip, Inc., 271 F. Supp.2d 840, 847-48 (E.D. Va. 2003)* (internal citations omitted), aff'd, *176 Fed. Appx. 109 (Fed. Cir. 2006)*. Because the dispute over this settlement concerns an agreement to settle an action arising under the federal law as to which federal litigation already in progress, federal common law principles apply to the resolution of the dispute. *Gamewell Mfg., Inc. v. HVAC Supply, Inc., 715 F.2d 112, 115-16 (4th Cir. 1983)*. Of course, forum state's law of contracts also is appropriately part of the analytical calculus. *Auer v. Kawasaki Motors Corp., USA, 830 F.2d 535, 538 (4th Cir. 1987)*; *Dunkin' Donuts, Inc. v. Lavani, 86 F.3d 1149* (table), *1996 U.S. App. LEXIS 11870, 1996 W.L. 276990 (4th Cir. 1996)*.  [*5] The parties are not in disagreement respecting the applicable law.

The party seeking to enforce the settlement agreement has the burden to prove that there is an agreement and its terms. *Baldwin v. Baldwin, 44 Va. App. 93, 603 S.E.2d 172, 174 n.1 (Va. Ct. App. 2004)*. The task of the Court is to determine whether there was an agreement and, if so, what its terms were. See *Wood v. Va. Hauling Co., 528 F.2d 423, 425 (4th Cir. 1975)* ("The task of the district court . . . is to find . . . the terms of the complete settlement agreement, or determine that there was none.") In essence, then, there must be a "meeting of the minds as to the terms of the agreement." See *Silicon Image, 271 F. Supp. 2d at 851*.

The analysis here is an uncomplicated one. There are four terms to which there is no dispute, and a settlement agreement was reached by lawyers authorized to agree to

those four terms. Three of those terms are not at play in the analysis here. However, the defendants assert that, because there is no written settlement agreement, there is no settlement. This issue was discussed directly and resolved thoroughly in Dunkin' Donuts. There, Dunkin' argued that the district court erred in not applying a presumption  [*6] under Virginia law that no contract is formed until a written contract is executed. The Court of Appeals explained clearly what the presumption was and what its purpose was. Having done so, the Fourth Circuit concluded that, under circumstances virtually identical to those presented here, there was no evidence of the parties' intent to require execution of a written contract." *Dunkin' Donuts, supra at *3*. The Court went on to hold that:

> Application of the presumption does not arise 'when there is no understanding that the agreement will be reduced to writing as a prerequisite to the formation of a contract.' (citation omitted) In this instance, the parties simply agreed to memorialize their settlement with a formal document, but did not make the contract subject to that condition. See *Agostini v. Consolvo, 154 Va. 203, 153 S.E. 676, 678-79 (Va. 1930)* ('Where the minds of the parties have met and they are fully agreed and they intend to be bound there is a binding contract, even though a formal contract is later to be prepared and signed.').

Id. (emphasis added). That is precisely the circumstance here. The parties had a meeting of the minds as to the amount of the payment and the time of the payment  [*7] and the identity of the guarantor. While they agreed to memorialize their settlement with a formal document, they did not make the contract of settlement subject to that condition. Accordingly, here, as in Dunkin' Donuts, the failure to execute a formal contract document does not preclude enforcement of the settlement. And, because there was a meeting of the minds as to the settlement terms, the agreement will be enforced.

## CONCLUSION

For the foregoing reasons, and the reasons set forth on the record at the hearing on November 5, 2010, the MOTION FOR JUDGMENT ON SETTLEMENT (Docket No. 12) is granted, and judgment shall be entered on the agreement as to which, the record shows, the parties have a mutual understanding.

It is so ORDERED.

2010 U.S. Dist. LEXIS 120164, *

/s/ REP

Robert E. Payne

Senior United States District Judge

Richmond, Virginia
Date: November 12, 2010

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that the MOTION FOR JUDGMENT ON SETTLEMENT (Docket No. 12) is granted. The Clerk shall enter judgment in favor of the plaintiffs against the defendants, Mark A. Carey and The Law Offices of Mark A. Carey, P.C., jointly and severally in the amount of $15,000.00 together [*8] with interest thereon at the rate of 0.22 percent (0.22%) per annum from November 12, 2010 until paid.

It is SO ORDERED.

/s/ REP

Robert E. Payne

Senior United States District Judge

Richmond, Virginia
Date: November 12, 2010

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NOEL BRALLEY,
CAROLYN BRALLEY,
and
BRAXTON BRALLEY,

      Plaintiffs,

v.

MARK A. CAREY, *et al.*

      Defendants.

Case No. 3:10-cv-138-REP
**CASE CLOSED**



## MOTION FOR ENTRY OF AN ORDER COMPELLING PLAINTIFFS' COUNSEL TO SERVE ALL FUTURE DOCUMENTS ON THE DEFENDANTS, OR IN THE ALTERNATIVE A MOTION TO WITHDRAW

Robert R. Musick, Mark R. Colombell, and the law firm of ThompsonMcMullan, P.C. (hereinafter "ThompsonMcMullan"), move this Court pursuant to Local Rules of Civil Procedure 7 and 83.1(G) for an Order compelling Plaintiffs' counsel to serve all future pleadings and correspondence directly on the Defendants or in the alternative move for leave to withdraw as counsel.

1. Mark A. Carey and The Law Offices of Mark A. Carey, P.C. (the "Defendants") engaged Robert R. Musick, Mark R. Colombell, and ThompsonMcMullan for the sole purpose of defending their interests in the lawsuit filed by the Plaintiffs on or about March 4, 2010.

2. At a hearing on November 5, 2010, the Court granted the Plaintiffs' Motion for Judgment on the Settlement [Dkt. No. 12].

3.  On November 8, 2010, counsel for the Plaintiffs served ThompsonMcMullan with post-judgment interrogatories and request for production of documents, which were forwarded to the Defendants.

4.  Final judgment was entered against the Defendants on November 12, 2010 [Dkt. Nos. 19 and 20].

5.  On November 15, 2010, ThompsonMcMullan sent a letter to Plaintiffs' counsel informing him that since final judgment had been entered Plaintiffs' counsel should direct all future correspondence to the Defendants.

6.  On December 22, 2010, Plaintiffs' counsel filed a Motion to Compel Discovery [Dkt. No. 21] and served it on ThompsonMcMullan.

7.  ThompsonMcMullan was not engaged to represent the Defendants in any post-judgment activity and has requested that Plaintiffs' counsel direct all further communications to the Defendants directly.

8.  The Defendants currently owe ThompsonMcMullan attorney's fees in excess of $2,000.00.

9.  The Defendants have consented to the withdrawal of ThompsonMcMullan as counsel of record.

10. Neither of the parties will be prejudiced by permitting ThompsonMcMullan to withdraw.

11. To the extent that it is necessary following a final judgment, ThompsonMcMullan seeks an Order permitting it to withdraw as counsel of record in this matter and directing Plaintiffs' counsel to serve all other papers in this matter on the Defendants.

WHEREFORE, Robert R. Musick, Mark R. Colombell, and the law firm of ThompsonMcMullan, P.C. respectfully request that this Court enter an order requiring Plaintiffs'

counsel to serve all future correspondence and pleadings on the Defendants, or in the alternative

ThompsonMcMullan moves this Court to enter an order permitting them to withdraw as counsel

for Mark A. Carey and The Law Offices of Mark A. Carey, P.C.

Respectfully Submitted,

MARK A. CAREY, and
THE LAW OFFICES OF
MARK A. CAREY, P.C.

_____ /s/ Robert R. Musick _____
Mark R. Colombell, VSB No. 48183
Robert R. Musick, VSB No. 48601
*Thompson*McMullan, P.C.
100 Shockoe Slip
Third Floor
Richmond, Virginia 23219
804.649.7545
804.780.1813 Fax
mcolombell@t-mlaw.com
bmusick@t-mlaw.com